UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 25-08821 |
| | ) | |
| 1600 WESTERN VENTURE L.L.C., | ) | Chapter 11 |
| | ) | |
| | ) | Judge Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | RE: Docket No. 56 |

**OBJECTION OF LENDER TO DEBTOR'S MOTION TO STAY ENFORCEMENT OF THE ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Wells Fargo Bank, National Association, as Trustee, on behalf of the Registered Holders of CSAIL 2019-C16 Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2019-C16 ("**Lender**"), hereby files this objection (this "**Objection**") to 1600 Western Venture L.L.C.'s (the "**Debtor**") *Motion to Stay Enforcement of the Order Granting Motion for Relief from the Automatic Stay (Docket 29) Pursuant to Federal Bankruptcy Rule 8007* [Docket No. 56] (the "**Motion**"), and respectfully represents the following in support of this Objection:

**SUMMARY**

On June 16, 2025, this Court granted limited relief from the automatic stay to allow the remainder of the evidentiary hearing regarding the Lender's Moton to Appoint a Receiver ("**Receiver Motion**") to proceed to conclusion in the foreclosure action ("**Foreclosure Action**") commenced by the Lender in state court ("**State Court**"). On June 17, 2025, the State Court entered an order setting the evidentiary hearing for June 24, 2025. All testimony concluded on that date. The State Court took the matter under advisement and issued its ruling ("**Ruling**") authorizing the appointment of a receiver on July 2, 2025. Considering the totality of these circumstances, these facts and the additional facts set forth below, the Debtor's motion should be

1

summarily denied as (1) the Debtor's Motion is now moot and (2) even if the Appeal (as defined below) were not moot, the Debtor cannot satisfy any of the four factors necessary to obtain a stay pending appeal.

## FACTS

As a result of the Debtor's prepetition defaults, Lender commenced its Foreclosure Action in State Court which is currently pending as Case No. 2024 CH 00050 in Cook County, Illinois over 18 months ago in January 2024. On June 10, 2025 (the "**Petition Date**"), the Debtor commenced this bankruptcy case. The Debtor filed this bankruptcy case to stay the final day of a five-day evidentiary hearing to be conducted on June 11, 2025 on the issue of whether a receiver should be appointed. On July 2, 2025, the State Court issued its Ruling granting the Lender's motion to appoint a receiver and found that the evidence did not support a finding that the Lender's mortgage was invalid to preclude the appointment. Specifically, in granting the Lender's motion to appoint a receiver and rejecting the Debtor's arguments and defenses, the State Court made the following findings, *inter alia*:

- Dorothy Flisk, managing member of the Debtor, knowingly participated in the loan transaction and ratified the terms of the loan, including the existence of the Mortgage, through her actions by:

    o admitting to signing the Note, which expressly acknowledged that the Note was secured by the Mortgage;

    o Actively participating in funding related communications through closing, including receiving updates from Debtor's loan closing counsel of developments in the transaction, including drafts of the loan documents; and,

    o Authorizing Debtor's loan closing attorney to review, prepare and close the loan on behalf of Debtor

- Debtor's loan closing attorney granted final approval to the title company to fund the loan, which authorized the title company to record the Mortgage;

2

- Loan Closing Counsel's authority to act and approve closing documents, on behalf of Debtor, bound Debtor to the terms of the Loan Documents;

- Dorothy Flisk's conduct, admissions, contrary testimony, participation in closing communication, granting of authority to loan closing counsel and receipt and use of loan proceeds, constitutes ratification of the mortgage and its terms.

- Because Debtor ratified the mortgage, was bound by the actions of loan closing counsel and failed to provide any evidence to establish that the Mortgage was fraudulent or invalid, Debtor failed to overcome the presumption entitling Lender to the appointment of a receiver.

The State Court's ruling ("**Ruling**") is attached hereto as **Exhibit A**.

In response to this Court's order lifting the stay and prior to the State Court's July 2, 2025 Ruling, the Debtor filed an appeal ("**Appeal**") (6/30/2025 – Dkt. No. 47) and subsequently filed its Motion asking for a stay pending appeal ("**Debtor's Stay Motion**") (7/1/2025 – Dkt No. 56).

However, as noted above, the State Court has already issued its Ruling on the Lender's receivership motion, rendering the Appeal moot. Moreover, even if the Appeal were not moot, the Debtor cannot satisfy any of the four factors necessary to obtain a stay pending appeal. Thus, the Motion should be denied.

## ARGUMENT

### I.     The Debtor's Motion Is Moot.

The Motion is now moot because the State Court has issued its Ruling, thereby concluding the very proceedings the Motion seeks to stay.[1] Accordingly, there is no basis for maintaining or imposing a stay pending appeal. The Court's analysis can stop here, and the Motion can be denied.

But to the extent the Debtor takes issue with the outcome or effect of the State Court's Ruling, those concerns can and should be addressed, if at all, through appropriate proceedings in this bankruptcy case and/or in any State Court relief it may have with respect to the Ruling. The

---

[1] For the same reason, the Lender submits that the Debtor's appeal is likewise moot, as there is no longer any live controversy or relief that can be granted with respect to the State Court proceeding.

3

Chapter 11 process affords the Debtor appropriate avenues to address any implications arising from the State Court's Ruling, and the Debtor should not be permitted to use its Appeal of this Court's order as a vehicle to unwind or relitigate proceedings that have already concluded.

## II.   **The Debtor Cannot Satisfy the Standard for a Stay Pending Appeal.**

Even if the Debtor's Motion had not been rendered moot, which it is, the Debtor falls woefully short of satisfying the standard for a stay pending appeal. A motion for a stay pending appeal is an exceptional form of relief and requires a considerable showing from the Debtor. *In re Quade*, 496 B.R. 520, 526 (Bankr. N.D. Ill. 2013); *In re Beswick*, 98 B.R. 904, 907 (N.D. Ill.1 989); *see also Henkel v. Lickman* (*In re Lickman*), 301 B.R. 739, 742 (Bankr. M.D. Fla. 2003); *In re Running*, No. 89 C 20211, 1990 WL 53063, at *1 (N.D. Ill. Apr. 17, 1990).

The Court must consider four factors when deciding whether a discretionary stay pending appeal is appropriate. *In re Quade*, 496 B.R. 520, 526 (Bankr. N.D. Ill. 2013) (citing *In re Forty–Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir.1997)). These factors are: "1) whether the appellant is likely to succeed on the merits of the appeal; 2) whether the appellant will suffer irreparable injury absent a stay; 3) whether a stay would substantially harm other parties in the litigation; and 4) whether a stay is in the public interest." *Id*.

The Debtor bears the heavy burden of proving it has met the first two threshold factors in a preliminary analysis, and if the Debtor succeeds, all four factors are considered on a sliding scale. *Id*. Should the Debtor "not meet the preliminary threshold or, assuming the threshold is met, not meet the overall standards, the stay should be denied." *Id*.; *see also In re A & F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014); *Cook Cnty., Illinois v. Wolf*, 498 F. Supp. 3d 999, 1010 (N.D. Ill. 2020).

### A. *The Debtor Is Not Likely To Succeed on the Merits of its Appeal*

The Court was correct in *sua sponte* lifting the stay to allow the State Court to finish its evidentiary hearing and issue its Ruling. The Debtor filed this bankruptcy case solely to halt the pending Foreclosure Action in Cook County, Illinois—timed deliberately on the eve of the final day of a five-day evidentiary hearing concerning the appointment of a receiver. The Court correctly recognized the filing for what it is: a transparent litigation tactic aimed at delaying an adverse ruling in the State Court regarding the validity of the Lender's mortgage, which was the very issue the Debtor was hoping to relitigate in this Court. In the interest of judicial efficiency and fairness, the Court properly lifted the automatic stay to allow the State Court to complete its proceedings, with any resulting implications to be addressed in the context of this bankruptcy case.

The Debtor further argues that the mortgage's validity is not at issue in the State Court because a receiver may be appointed without resolving that question. Motion ¶ 7. This assertion is both inaccurate and inconsistent with the Debtor's own litigation strategy and belied by the State Court's ultimate Ruling. It is precisely because the Debtor was challenging the validity of the mortgage that it opposed the appointment of a receiver. Moreover, the Debtor incorrectly suggests that the burden for appointing a receiver lies with the Lender. In reality, under the Illinois Mortgage Foreclosure Law, the Lender is presumptively entitled to a receiver upon default, and it is the Debtor who bears the burden of showing good cause to remain in possession. 735 ILCS 5/15-1701(b)(2) ("In all other cases, if (i) the mortgagee is so authorized by the terms of the mortgage or other written instrument, and (ii) the court is satisfied that there is a reasonable probability that the mortgagee will prevail on a final hearing of the cause, the mortgagee <u>shall</u> upon request be placed in possession of the real estate, except that if the mortgagor shall object and show good cause, the court shall allow the mortgagor to remain in possession.") (emphasis

5

added). The primary "good cause" the Debtor asserted was the alleged invalidity of the mortgage. There is no serious question that the validity of the Lender's mortgage is squarely before the State Court and central to the receivership decision.

Given the State Court informed the parties it would issue its Ruling on this issue in a matter of weeks—and has now done so—the Court acted well within its discretion in lifting the stay to allow the State Court to conclude a proceeding already near completion and after multiple months of delay by the Debtor. *See In re Yellow Cab Affiliation, Inc.*, 659 B.R. 586, 595 (Bankr. N.D. Ill. 2024) ("Courts have recognized that a bankruptcy court may act on its own motion to abstain and lift the automatic stay when confronted, as this Court is, with questions 'that are imminently pending in state court.'" (citations omitted); *AP Siding & Roofing Co. v. Bank of New York Mellon*, 548 B.R. 473, 483 (Bankr. N.D. Ill. 2016) ("Bankruptcy courts can invoke their equitable powers *sua sponte*. . . . it was well within the court's discretion to grant retroactive relief from the automatic stay—even *sua sponte* if need be.") (citation omitted); *Arrow Rd. Constr. Co. v. Bridgeview Bank Grp. (In re Brittwood Creek, LLC)*, 450 B.R. 769, 776-77 (Bankr. N.D. Ill. 2011) (finding that "pursuant to § 105(a) and 362(d), the Bankruptcy Court had the authority to issue the Annulment Order [retroactively lifting the automatic stay]") (citations omitted); *Hunt v. Rite Aid Hdqtrs. Corp.*, No. 1:15-cv-2087, 2016 WL 5870996, at *4 (M.D. Penn. Oct. 7, 2016) ("we find that the Bankruptcy Court indeed has the ability to life an automatic stay *sua sponte* pursuant to 11 U.S.C. § 362(d) and § 105(a)."); *In re Pontious Bros. Excavating, Inc.*, No. 98-91215, 2001 WL 34059285, at *1-2 (C.D. Ill. Jan. 16, 2001) (lifting automatic stay to permit continued litigation of related matter where neither party filed a motion for relief from automatic stay because "[t]his Court finds that there is authority for it to *sua sponte* modify the automatic stay in order to allow the [related] litigation to proceed." (citations omitted)); *In re McDaniels*, 213 B.R. 197, 201 (M.D.

Ga. 1997) ("if it appears to the Court that a release of the automatic stay is necessary to prevent abuse, the Court may take that step sua sponte, without regard to the fact that no party in interest has made such a request."); *Mataragas v. Nat'l Bank of Greece, S.A. (In re Mataragas)*, No. 96 B 14287, 1997 WL 777254, at *2 (Bankr. N.D. Ill. Dec. 18, 1997) ("this Court will use the powers granted under § 105(a) in conjunction with § 362(d) to sua sponte annul the automatic stay unless Plaintiff can show good cause why this Court should not enter an annulment order.").

The Debtor is unlikely to succeed on its Appeal that the Court abused its discretion in lifting the stay.

### B.  *The Debtor Will Not Suffer Irreparable Harm Absent a Stay*

The Debtor cannot demonstrate irreparable harm sufficient to warrant a stay pending appeal. The only potential "harm" the Debtor identifies is that the State Court may issue a ruling adverse to its position on the validity of the mortgage—an issue the Debtor has already put squarely before the State Court. But the mere possibility of an unfavorable ruling is not irreparable harm; it is a consequence of litigation. The Debtor was not deprived of the opportunity to assert its arguments regarding the mortgage's validity—it has already done so in a forum that is well-positioned to adjudicate this state-law issue after receiving substantial evidence over the course of a multi-day hearing. The fact that the issue may be resolved in the State Court, rather than relitigated in this Court, does not constitute harm, let alone irreparable harm. Any consequences of the State Court's Ruling can be fully addressed within the framework of this bankruptcy proceeding.

Regardless of the State Court's Ruling, the Debtor's assets remain within the jurisdiction of this Court, which retains full authority to oversee the administration of estate property and to fashion appropriate relief as needed. The appointment of a receiver under Illinois law does not

divest this Court of control over estate assets, nor does it impair the Debtor's substantive rights under the Bankruptcy Code. In fact, the Lender is concurrently filing a motion to excuse turnover of any assets to the Debtor by a receiver under 11 U.S.C. § 543, demonstrating and recognizing that this Court still retains authority and control over property of the bankruptcy estate. Accordingly, the Debtor faces no irreparable harm, and this factor weighs heavily against granting a stay pending appeal.

### C.    *A Stay Would Significantly Harm Lender*

In stark contrast, imposing a stay pending appeal would cause significant harm to the Lender by further delaying a prima facie determination of whether its mortgage is valid, an issue that has now been adjudicated in Lender's favor after completion of a five-day evidentiary hearing in State Court. The Lender has been deprived of its collateral for over 18 months while the Debtor has (a) remained in default, (b) engaged in multiple stall tactics to prevent a hearing on the Lender's motion to appoint the receiver, (c) failed to provide financial information to the Lender about the use of its cash collateral, (d) failed and refused to make mortgage payments, insure the property, and pay taxes, and (e) not to mention the Debtor's last-minute bankruptcy filing on the eve of an anticipated adverse ruling in State Court. The Lender also maintains that given the Debtor's acts and behavior, a bond set in the amount of the collateral value should be imposed in the event the Court is inclined to grant the Debtor's Motion.

### D.    *A Stay Undercuts Judicial Economy and Public Policy*

Since this Court lifted the stay, the State Court has concluded its evidentiary hearing and issued its Ruling on July 2, 2025. As a matter of fundamental judicial economy, it was entirely appropriate for this Court to allow the State Court to enter its Ruling and then evaluate the effect of that decision within the context of the bankruptcy case. To do otherwise and impose a stay

8

pending appeal would undermine the Court's well-reasoned decision to lift the stay in the first place by preventing the State Court from resolving issues squarely within its purview and on which it has already received substantial evidence.

Further, ignoring the State Court Ruling on the prima facie validity of the mortgage would inject unnecessary complexity and distraction into this bankruptcy case, as the Debtor will continue to contest the enforceability of the mortgage at every stage. Nearly every issue—whether related to cash collateral, plan confirmation, claim allowance, or asset disposition—will be clouded by the Debtor's ongoing and dubious challenge to the validity of Lender's secured claim. Allowing the State Court, which has already concluded a multi-day evidentiary hearing, to rule on the prima facie validity of the mortgage promotes clarity and finality. This, in turn, will enable the parties to proceed in this bankruptcy case with a proper focus on administering the estate and resolving the case in accordance with the parties' rights and obligations set forth in the Bankruptcy Code.[2]

To permit the Debtor to avoid the result of the State Court proceeding and relitigate the exact same issues before this Court would waste judicial resources on both the state and bankruptcy court levels, and encourage gamesmanship by allowing debtors to invoke bankruptcy protection strategically to avoid adverse rulings in two-party disputes. Such a result would undercut judicial economy and improperly prejudice Lender's right to timely enforcement of its secured interest. Accordingly, Wells Fargo objects to approval of the Motion.

### RESERVATION OF RIGHTS

In consideration of the limited notice and expedited nature of the Motion, Lender reserves all rights to raise additional and/or amended objections to the Debtor's Motion. Lender reserves

---

[2] The Lender anticipates filing a motion to dismiss the bankruptcy case as a bad faith filing for myriad reasons, including that this case is, at bottom, is a two-party dispute between a single asset real estate debtor and its commercial lender.

all rights to present any further legal authorities, arguments and evidence at any hearing to consider the Motion.

## CONCLUSION

For the foregoing reasons, Lender respectfully requests that this Court enter an Order denying the Debtor's Motion.

Dated: July 3, 2025

Respectfully submitted,

*/s/  Jill Nicholson*
Jill Nicholson (#6257217)
Samantha Ruben (#6333266)
**Dentons US LLP**
233 S. Wacker Drive, Suite 5900
Chicago, Illinois 60606
Telephone: 312-876-800
Email:  jill.nicholson@dentons.com
           samantha.ruben@dentons.com
           elysa.chew@dentons.com

John D. Beck (*pro hac vice* pending)
**Dentons US LLP**
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: 212-398-5775
Email:  john.beck@dentons.com

*Counsel to Wells Fargo Bank, National Association, as Trustee, on behalf of the Registered Holders of CSAIL 2019-C16 Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2019-C16*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 3, 2025, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

*/s/ Jill Nicholson*
Jill Nicholson